**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 5 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SINHARIB A. THOMAS,<br><br>               Petitioner,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>               Respondent. | No. 19-72235<br><br>Agency No. A090-904-828<br><br>MEMORANDUM[*] |

On Petition for Review of an Order
From the Board of Immigration Appeals

Argued and Submitted October 6, 2020
Submission Deferred October 7, 2020
Resubmitted April 1, 2021
Seattle, Washington

Before: GRABER and W. FLETCHER, Circuit Judges, and FREUDENTHAL,[**] District Judge

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Nancy D. Freudenthal, United States District Judge for the District of Wyoming, sitting by designation.

Sinharib A. Thomas, a native of Iraq and an Assyrian Christian, petitions for review of an order of the Board of Immigration Appeals ("BIA") denying his motion to reopen as untimely. We have jurisdiction under 8 U.S.C. § 1252, and we review the denial for abuse of discretion. *Agonafer v. Sessions*, 859 F.3d 1198, 1202–03 (9th Cir. 2017). We grant the petition.

The BIA abused its discretion in concluding that country conditions had not changed materially with respect to Thomas' eligibility for relief under the Convention Against Torture ("CAT"). The BIA was required to consider whether country conditions changed materially such that Thomas "would more likely than not experience torture 'inflicted by, or at the instigation of, or with the consent or acquiescence of, a public official . . . or other person acting in an official capacity.'" *Santos-Ponce v. Wilkinson*, 987 F.3d 886, 891 (9th Cir. 2021) (quoting 8 C.F.R. § 1208.18(a)(1)). Affidavits and other evidentiary material in the record describe new threats of severe violence and human rights abuses by self-ascribed anti-American and anti-Christian militias that are now official parts of the Iraqi security apparatus and have effective control of many areas throughout central and southern Iraq. Although the 2008 State Department Report documents general instability, violence, kidnapping, torture, and death, the material change supporting Thomas' CAT claim is the undisputed evidence of violence and human rights

abuses against minorities by militias <u>acting either as the government itself, or with widespread impunity in Iraq</u>.

Further, Thomas' evidence has the requisite "individualized relevancy." *Najmabadi v. Holder*, 597 F.3d 983, 989–90 (9th Cir. 2010); *Agonafer*, 859 F.3d at 1206. Thomas specifically identified how his predicament is appreciably different from the dangers faced by his fellow citizens: he has no Iraqi identification, does not speak Arabic, has "a clearly Christian last name," has no knowledge of Iraqi culture, and has "Christian and Assyrian themed tattoos that will make it easy for [certain] groups to target [him]." Those circumstances, combined with restrictions on movement within Iraq, elevate his potential for visibility and change his likelihood to be targeted for torture by or with the acquiescence of the Iraqi state. The record details the various checks at multiple security checkpoints in Iraq, making it extremely difficult for someone like Thomas to travel to a safe location. Further, the lack of certain identity documents at a checkpoint would likely result in arbitrary arrest, detention, and torture. This is especially true for single men who are not fluent in Iraqi Arabic and cannot demonstrate residence in Iraq, because they would come under intense scrutiny due to suspicion of ISIS affiliation.

**PETITION GRANTED.** The case is **REMANDED** to the BIA with the instruction to reopen proceedings.

3